UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEAH AHN,<br><br>　　　　Appellant,<br><br>　　v.<br><br>PRIYA SANGER, MICHAEL SANGER, and ALISA BAKER<br><br>　　　　Appellees. | Case No. 23-cv-02459-JSC<br><br>**ORDER RE: APPELLANT'S BANKRUPTCY APPEAL**<br><br>Re: Dkt. No. 1 |

Leah Ahn appeals a bankruptcy judgment dismissing with prejudice her claims. (Dkt. No. 1.)¹ After the hearing on April 4, 2024, the Court allowed the parties to submit supplemental briefing explaining why the appeal is not moot in light of (1) Ms. Ahn's representation she no longer owns an interest in the at-issue property and (2) the Sangers' agreement the bankruptcy discharge terminated their rights to proceed *in personam* against Ms. Ahn. (Dkt. No. 11.) Having carefully considered the original and supplemental briefing, and with the benefit of oral argument on April 4, 2024, the Court DISMISSES this appeal as moot.

## DISCUSSION

"We will not entertain an appeal if the case is moot." *In re Thorpe Insulation Co.*, 677 F.3d 869, 879-80 (9th Cir. 2012). The Court "has an independent obligation to consider mootness *sua sponte*." *In re Burrell*, 415 F.3d 994, 997 (9th Cir. 2005). "There are two mootness doctrines to consider—one deriving from Article III of the Constitution, and one from equity." *In re Thorpe Insulation Co.*, 677 F.3d at 880. The Constitution limits the jurisdiction of federal courts to actual cases and controversies. U.S. Const. art. III, § 2, cl. 1. An appeal is constitutionally moot if the

---

¹ Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  appellate court cannot grant any effective relief. *In re Thorpe Insulation Co.*, 677 F.3d at 880. An
2  appeal is equitably moot if "a comprehensive change of circumstances has occurred so as to render
3  it inequitable for this court to consider the merits of the appeal." *Id*. (cleaned up).

4      Ms. Ahn appeals the bankruptcy court's dismissal with prejudice of Ms. Ahn's request for
5  (1) a declaration the Sangers' 2018 post-petition renewal of the 2012 judgment against Ms. Ahn is
6  void as a violation of Ms. Ahn's September 2014 discharge under 11 U.S.C. § 524; and (2) a
7  determination the Sangers' two 2018 abstracts of judgment on the 2012 judgment against Ms. Ahn
8  are invalid as violations of Ms. Ahn's September 2014 discharge under § 524. (Dkt. Nos. 1-2 at 7,
9  4 at 10.) In essence, Ms. Ahn's appeal concerns whether a judgment and two liens encumbering
10 the at-issue property are void.

## I. Constitutional Mootness

"A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (cleaned up). Ms. Ahn no longer owns an interest in the property at issue. So, she lacks a legally cognizable interest in whether the 2012 judgment and 2018 abstracts of judgment encumbering the property are void. Ms. Ahn's appeal is thus constitutionally moot because it is impossible for the Court to grant Ms. Ahn effectual relief on her claims. *Id*.

Ms. Ahn argues "a violation of a discharge is not moot so long as it occurred before the sale of Debtor's property." (Dkt. No. 12 at 2.) But the question is whether Ms. Ahn's claims seeking to invalidate the 2012 judgment and 2018 liens are moot, not whether the 2012 judgment and 2018 liens violated Ms. Ahn's § 524 discharge. Because Ms. Ahn has no interest in the property, she lacks a legally cognizable interest in invalidating the property's encumbrances. So, "any opinion as to the legality of the challenged action would be advisory." *City of Erie*, 529 U.S. at 287.

## II. Equitable Mootness

The foreclosure of Ms. Ahn's interest in the at-issue property is a "comprehensive change of circumstances" rendering "it inequitable for this [C]ourt to consider the merits of [Ms. Ahn's] appeal." *In re Thorpe Insulation Co.*, 677 F.3d at 880. Unlike in *In re Downs*, 835 F. App'x 262,

263 (9th Cir. 2021), where the Ninth Circuit ruled a bankruptcy appeal was not equitably moot because meaningful relief was still possible, meaningful relief for Ms. Ahn based on the claims on appeal is impossible.  Even if the Court were to rule in Ms. Ahn's favor on the merits, the requested declaratory relief would be meaningless because Ms. Ahn lacks an interest in the property encumbered by the 2012 judgment and 2018 liens.  Ms. Ahn's supplemental brief fails to explain how invalidating the encumbrances of a property in which she has no ownership interest amounts to meaningful relief.  So, the Court will not entertain this appeal.

## CONCLUSION

Accordingly, this appeal is DISMISSED as moot.

**IT IS SO ORDERED.**

Dated: May 6, 2024

JACQUELINE SCOTT CORLEY
United States District Judge